IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANGELA DUTTON                                                                                            PLAINTIFF

vs.                                              Civil No. 5:21-cv-05062

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                    DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Angela Dutton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff protectively filed her disability application on June 1, 2018.  (Tr. 13).[1]  In this application, Plaintiff alleged a disability onset date of March 1, 2007.  *Id.*  She also alleged being disabled due to depression and "bars in left leg that also affects my hip." (Tr. 189).  Her application was denied initially and again upon reconsideration.  (Tr. 73, 91).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 33-61). On May 7, 2020, an ALJ held an administrative hearing in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented Meghan Gallo. *Id.* Plaintiff and Vocational Expert ("VE") Debra Steele testified at this hearing. *Id.*

On August 3, 2020, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's SSI application. (Tr. 10-28). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2018, her application date. (Tr. 15, Finding 1). The ALJ found Plaintiff had the following severe impairments:

> The claimant has the following severe impairments: osteoarthritis and allied disorders; depressive, bipolar and related disorders; anxiety disorder, NOS; panic disorder; post traumatic stress disorder; bilateral shoulder pain status post rotator cuff repair; low back pain with radiculopathy; peripheral neuropathy; migraine; and hypertension.

(Tr. 15-16, Finding 2). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 3).

The ALJ determined Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c), on the date the application was filed. (Tr. 25, Finding 6). As for her education, the ALJ determined Plaintiff had a limited education. (Tr. 25, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 17-25, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally climb, balance, crawl, kneel, stoop, and crouch; occasionally overhead bilaterally; frequently finger and handle bilaterally; is limited to simple, routine, repetitive tasks; can respond to supervision that is simple, direct and concrete; and can occasionally interact with supervisors, coworkers and the public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 25, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25-27, Finding 9). The VE testified at the administration hearing regarding this issue. Based upon that testimony, the ALJ determined a hypothetical person with Plaintiff's limitations retained the capacity to perform work as a counter clerk-photo finishing counter clerk (light, unskilled) with approximately 104,310 such jobs in the national economy; cotton classer aid (light, unskilled) with approximately 13,365 such jobs in the national economy; and scaling machine operator (light, unskilled) with approximately 21,905 such jobs in the national economy. (Tr. 26).

In making this determination, the VE stated her testimony was based upon information provided by U.S. Publishing and testified as follows:

> (Examination by Ms. Gallo):
>
> Q: Okay. And for the job numbers that you provided, what is your source of job number data?
>
> A: It is U.S. Publishing.
>
> Q: And can you explain their methodology for taking Department of Labor data and getting it to the DOT level?
>
> A: The Department of Labor uses the Occupation Employment Statistic survey to produce their accumulation of employment numbers, also known as the OES. The

>terms and the procedures and the type of sampling, and each state's workforce service, known as their work—the employment office, does the actual collection of the number. And I purchase these numbers from companies, and I do not give you any other—put it this way, I cannot speak on their behalf any further because I'm not an employee of theirs.
>
>. . .
>
>Q: Do you have any published parameters of reliability, such as standard errors with the data for their job numbers?
>
>A: You would have to look that up on their website. I'm not their—an employee of theirs. I cannot and will not speak on their behalf. I do not have permission.

(Tr. 55-57). Indeed, the VE was unable to provide the basis or the reliability of her testimony or the statistics supplied by U.S. Publishing. The VE testified instead that Plaintiff's attorney would have to "look that up on their website." (Tr. 57).

Because the ALJ found Plaintiff could perform these other jobs, the ALJ determined Plaintiff was not under a disability, as defined by the Act, at any time from her alleged onset date of June 1, 2018 through the date of the ALJ's decision or through August 3, 2020. (Tr. 28, Finding 10). Plaintiff sought review with the Appeals Council. (Tr. 1-4). On February 10, 2021, the Appeals Council denied this request for review. *Id.* On March 29, 2021, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13-14. Plaintiff has filed a reply brief in this matter also. ECF No. 17. This matter is now ripe for consideration.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that wouldhave supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 13. In making this claim, Plaintiff raises three issues for reversal: (1) the ALJ's disability determination is not supported by substantial evidence in the record because he failed to fulfill his burden at Step Five of the Analysis; (2) the ALJ's disability determination is not supported by substantial evidence in the record because he failed to identify jobs she could perform; and (3) The ALJ's disability determination should be reversed because Mr. Saul, the former SSA commissioner, was not appointed in accordance with the Constitution. *Id.* Upon review, the Court finds the ALJ's Step Five determination is not supported by substantial evidence in the record; thus, the Court will only consider Plaintiff's first issue for reversal.

As recognized above, at Step Five of the Analysis, the SSA has the burden of demonstrating the claimant is able to perform "other jobs in the national economy." *See Snead v. Barnhart,* 360 F.3d 834, 836 (8th Cir. 2004). *See also* 20 C.F.R. § 404.1520(g) (2012). Here, to meet that burden, the ALJ relied upon the testimony of the VE. (Tr. 25-26, 52-61). With her testimony, the VE identified three jobs Plaintiff could perform. (Tr. 26). The VE also identified the total number of jobs in the national economy Plaintiff retained the capacity to perform. *Id.* Upon cross-examination, the VE testified the source of her opinions: U.S. Publishing. (Tr. 55-57). The VE

refused to answer questions related to U.S. Publishing because she was not an "employee" of U.S. Publishing. *Id.*

In his opinion, the ALJ stated the VE's testimony was reliable—and was based upon reliable sources—and noted the following:

> The vocational expert in this matter relied on one or more of the publications identified by Sections 404.1566 and 416.966. The vocational expert relied not only on the DOT, she also relied on other listed sources as well as her own experience and expertise in the job field when arriving at other jobs available to the claimant within the scope of a given hypothetical as well as to resolve any conflicts within the DOT. (SSR 00-04p).

(Tr. 27). The ALJ is indeed correct that the VE is fully permitted to rely upon the DOT. *See, e.g., Jordan v. Astrue,* 390 F. App'x 611, 611-12 (8th Cir. 2010) (recognizing the "Secretary may take administrative notice of any 'reliable job information,' including both the DOT and the Job Service Summaries").

In the present action, however, the VE *did not* testify she relied upon the DOT. (Tr. 55-57). Instead, as recognized above, she testified she relied upon the statistics from U.S. Publishing:

> Q: Okay. And for the job numbers that you provided, what is your source of job number data?
>
> A: It is U.S. Publishing.

(Tr. 56).

When cross-examined on the reliability of U.S. Publishing, the VE could not verify the reliability of any of their statistics:

> Q: Do you have a statistical basis that you're relying on to suspect that they may not be reliable?
>
> A: Well, I—U.S. Publishing is who I support.
>
> Q: Does U.S. Publishing have any parameters of reliability as far as their data goes?

7

>A: I believe all sources are reliable, but I prefer—
>
>Q: Do they have any—
>
>A: U.S. Publishing.
>
>Q: Do they have any published parameters of reliability, such as standard errors with the data for their job numbers?
>
>A: You would have to look that up on their website. I'm not their—an employee of theirs. I cannot and will not speak on their behalf. I do not have permission.

(Tr. 57). Based upon this record and the VE's failure to respond to these questions, the Court cannot find this is "reliable job information" such that the ALJ has met his burden under Step Five. As such, this case should be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 11th day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE